# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN

| | |
|---|---|
| ADE` DAVIS ) | |
| ) | |
|    Plaintiff, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | |
| TLX, a division of AWL ) | |
| TRANSPORT, INC., and ) | |
| TOMMY KEY ) | JURY TRIAL |
| ) | |
|    Defendant(s). ) | |
| ) | |

## COMPLAINT

### I.   INTRODUCTION

1.   This is a suit authorized and instituted pursuant to the "Civil Rights Act of 1866," 42 U.S.C. § 1981.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured 42 U.S.C. § 1981 providing for injunctive and other relief against race discrimination, and pursuant to the state law claims of Tortious Interference with a Business and/or Contractual Relationship, Intentional Infliction of Emotional Distress, and Negligent and/or Malicious Retention, Supervision and Training.

## II.     JURISDICTION AND VENUE

2.     Plaintiff believes that this Court has jurisdiction in accordance with 28 U.S.C. § 1331.  Supplemental jurisdiction for the state law claims is invoked pursuant to 28 U.S.C. § 1367.

3.     A substantial part of the unlawful employment practices challenged in this action occurred in the Northern District of Alabama.  Therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

## III.    ADMINISTRATIVE PREREQUISITES

4.     Plaintiff's claims arising under 42 U.S.C. § 1981 do not require administrative exhaustion and are subject to 28 U.S.C. § 1658's four year statute of limitations.  There are no administrative prerequisites for Plaintiff's state law claims and they are subject to a two-year statute of limitations.

## IV.    PARTIES

5.     Plaintiff, Ade` Davis, (hereinafter "Davis" or "Plaintiff"), is an African-American male citizen of the United States over the age of nineteen (19) years and has been at all times pertinent to the matters alleged herein a resident of the State of Alabama.

6.     Defendant, TLX, a division of AWL Transport, Inc. (hereinafter

"TLX"), is a foreign corporation and has its principal place of business in the State of Ohio. Defendant is an entity subject to suit under 42 U.S.C. §1981. The Defendant does business in Morgan and/or Limestone County, Alabama.

## V.  STATEMENT OF FACTS

7. On or about December 2014, Plaintiff was hired by the Defendant as a company driver. In June of 2015, Plaintiff made a lateral move and became an owner/operator with the Defendant.

8. As a company driver, Plaintiff earned twenty-five (25%) of the line hauls trucks revenue. As a owner/operator, Plaintiff could earn substantially more of the line hauls trucks revenue.

9. On or about September 26, 2016, Plaintiff informed Tommy Key [white male], the regional supervisor of TLX, that he would be starting his own company and leaving TLX's employ.

10. Upon learning of the Plaintiff's plan, Mr. Key intentionally interfered with Plaintiff's business and contractual relationship with Coilplus Alabama, whom Plaintiff had developed a relationship and had contracted business.

11. Mr. Key contacted a manager at Coilplus and stated, untruthfully, that Plaintiff was under a contractual agreement with TLX and could not compete or engage in business with any client of TLX.

12. This misrepresentation by Mr. Key caused Plaintiff to suffer a loss of profits and business from Coilplus Alabama, as Coilplus Alabama would not give Plaintiff any loads to haul for their company.

13. Upon information and belief, the Plaintiff's race [African-American] was a motivating factor for Mr. Key's actions, in that Plaintiff was barred from earning as much or more revenue than similarly situated white independent contractors and/or drivers.

14. Mr. Key had knowledge of Plaintiff's contractual and business relationship with Coilplus Alabama and deliberately intentionally interfered, by diverting and attempting to divert customers and business from Plaintiff. Mr. Key's actions were taken without justification or privilege and upon information and belief were motivated in part by racial animus.

15. Coilplus Alabama relied directly on the affirmations of Mr. Key, and cancelled their business and contractual relationship with Plaintiff. Plaintiff and Coilplus Alabama had an existing contractual and/or business relationship, and an agreement for Plaintiff to provide services to Coilplus Alabama in the future.

16. As a direct and proximate result of Mr. Key's conduct, Plaintiff has lost

and is losing revenue and has suffered irreparable damage to his business going forward. Furthermore, Plaintiff has suffered inherently unquantifiable injury and harm to his business reputation and goodwill.

## VI.   CAUSES OF ACTION

### COUNT I

### RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981

17.    Plaintiff re-alleges paragraphs 1 through 16 above and incorporates them by reference as if fully set forth herein.

18.    Plaintiff has been discriminated against and treated differently than similarly situated Caucasian employees solely because of his race, African-American, in violation of 42 U.S.C. § 1981. This treatment by the Defendant has affected the terms and conditions of Plaintiff's employment.

19.    This reckless and willful discrimination on the part of the Defendant constitutes a violation of the plaintiffs' statutory rights pursuant to 42 U.S.C. § 1981.

20.    As a further consequence and effect of the Defendant's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

21.    Plaintiff has suffered embarrassment, humiliation, mental distress and

emotional pain and anguish as a consequence of the Defendant's racially discriminatory, demeaning and unlawful conduct.

22. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

23. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

24. This reckless, malicious, and willful discrimination on the part of the Defendant constitutes a violation of the Plaintiff's statutory rights pursuant to 42 U.S.C. 1981.

## COUNT II

### TORTIOUS INTERFERENCE WITH A BUSINESS AND/OR CONTRACTUAL RELATIONSHIP

25. Davis re-alleges and incorporates by reference paragraphs 1-24 above with the same force and effect as if fully set out in specific detail herein below.

26. This is a claim arising under the law of the State of Alabama to redress

Key's tortious interference with Davis's contractual relationship with and TLX's ratification of and/or failure to prevent such conduct.

27. TLX's interference, via Key, with Davis' business and/or contractual relationship with Coilplus Alabama was willful and intentional and warrants an award of compensatory and punitive damages.

28. As a result of TLX's interference, via Key, with Davis' business and/or contractual relationship with Coilplus Alabama, Davis has suffered the pecuniary loss of the benefits of the relationship with Coilplus, which includes lost profits, lost wages and benefits; consequential losses caused by the interference; and emotional distress, mental anguish, embarrassment and humiliation.

29. Davis seeks damages in the form of lost profits, back pay (plus interest), front pay, and nominal, compensatory and punitive damages, as well as attorneys' fees and expenses.

## COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Davis re-alleges and incorporate s by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail herein below.

31. This is a claim arising under the law of the State of Alabama to redress

Key's intentional infliction of emotional distress upon Davis and TLX's failure to prevent such conduct.

32. The conduct of Key, as Regional Manager, as set out above, was extreme, outrageous, and beyond the boundaries of decency in civilized society, and it proximately caused Davis to suffer great emotional distress and trauma for which he claims compensatory and punitive damages from TLX.

33. TLX is directly liable for the acts of its agent, Key, as this conduct was authorized, ratified and/or condoned by TLX.

## COUNT IV

### NEGLIGENT AND/OR MALICIOUS RETENTION, SUPERVISION, AND TRAINING

34. Davis re-alleges and incorporates by reference paragraphs 1-33 above with the same force and effect as if fully set out in specific detail herein below.

35. This is a claim arising under the law of the State of Alabama to redress TLX's negligent and/or malicious training and supervision of Key.

36. TLX negligently and/or maliciously failed to adequately train Key on anti-discrimination laws and other employment laws, which proximately caused the injuries to Davis complained of herein.

37. TLX negligently and/or maliciously failed to adequately supervise Key which proximately caused Davis great emotional distress and trauma for which he seeks compensatory and punitive damages.

## VII. **PRAYER FOR RELIEF:**

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured by 42 U.S.C. § 1981 and 42 U.S.C § 1981a;

2. As a result of the Defendants' actions, the Plaintiff has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non pecuniary losses;

3. The Plaintiff seeks to redress the wrongs alleged herein, and this suit for equitable, compensatory, punitive and/or nominal damages, lost profits, and injunctive and declaratory relief is his only means of securing adequate relief;

4. Grant Plaintiff a permanent injunction enjoining the Defendants, their agents, successors, employees, attorneys and those acting in concert with them and at their request from continuing to violate 42 U.S.C. § 1981;

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, lost profits, the value of the contract, back pay, front pay compensatory, nominal, and punitive damages an award of costs, pre-judgment interest and attorneys' fees and expenses.

**PLAINTIFF HEREBY DEMANDS A
JURY FOR ALL ISSUES TRIABLE BY JURY**

Respectfully submitted,
/s/Roderick T. Cooks
Lee D. Winston
Roderick T. Cooks
Charity Gilchrist-Davis
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile
email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
c/o Jerry W. Carlton, Registered Agent
TLX, a division of AWL Transport, Inc.
4626 State Route 82
Mantua, OH 44255

Tommy Key
c/o TLX, a division of AWL Transport, Inc.
3401 Highway 20, Bldg. B
Decatur, AL 35601